UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
**SEMYON GRINBLAT,**

                    **Plaintiff,**                  **REPORT AND**
                                                 **RECOMMENDATION**

                    **-against-**                  **20-CV-1641 (LDH)**

**HYLAN BACHE LLC, et al.,**

                    **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court, on a referral from the Honorable LaShann DeArcy Hall, is a motion filed by plaintiff Semyon Grinblat ("plaintiff") for default judgment against Hylan Bache LLC ("Hylan Bache"), one of four named defendants in this action brought under the Americans with Disabilities Act of 1990. See Complaint (Apr. 1, 2020) ("Compl."), Electronic Case Filing Docket Entry ("DE") #1; Motion for Default Judgment (May 16, 2020) ("Pl. Mot."), DE #8; Order Referring Motion (May 19, 2020). For the reasons that follow, this Court recommends that the motion be denied without prejudice as premature.

**PROCEDURAL HISTORY**

Plaintiff filed this disability rights action on April 1, 2020, against Hylan Bache, which is alleged to own, lease, manage and/or control a certain Dunkin' Donuts franchised establishment on Staten Island, see Compl. ¶ 12; as well as against three individual defendants (Joseph Costa, Anthony Costa, and Louis Costa), who are alleged to jointly own the commercial lot on which the Dunkin' Donuts and adjacent parking lot are located, see id. ¶ 19.

Complaining of a series of architectural barriers in the aforesaid parking lot, see, e.g., id. ¶¶ 73-96, plaintiff's pleading seeks a declaratory judgment, injunctive relief removing said barriers, along with damages, punitive damages, attorneys' fees and costs, see id., *ad damnum* clause.

As plaintiff concedes, none of the individual defendants has been served. See Response to Order to Show Cause (May 23, 2020) ("Pl. Response") at 1, DE #10. On April 7, 2020 - after the onset of the COVID pandemic and the resulting shelter-in-place requirements - plaintiff caused Hylan Bache to be served through New York's Secretary of State. See id.; Summons Returned Executed (Apr. 12, 2020), DE #5. On May 6, 2020, plaintiff requested a certificate of default with respect to Hylan Bache, see Request for Certificate of Default (May 6, 2020), DE #6, and the Clerk, on May 13, 2020, noted Hylan Bache's default, see Clerk's Entry of Default (May 13, 2020), DE #7. Three days later, plaintiff filed the pending motion for default judgment. See Pl. Mot.

Following the referral of the motion to this magistrate judge, the Court issued an Order to Show Cause, on May 20, 2020, why, given the procedural posture of the case against the three unserved individual defendants, and the "strong judicial interest in averting potentially incompatible judgments," plaintiff's motion for default judgment against Hylan Bache should not be denied without prejudice as premature. Order to Show Cause (May 20, 2020) ("OTSC") at 2, DE #9. Plaintiff timely responded on May 23, 2020, asking that the Court "not [] deny the motion, but instead [] hold it in abeyance for 90 days, or the number of days the Court deems just and proper." Pl. Response at 1.

## DISCUSSION

The Court's May 20th Order to Show Cause sets forth the basis for its conclusion that plaintiff's motion for default judgment is premature and should be denied without prejudice pending service of the summons and Complaint on the three individual defendants:

> Where a complaint names multiple defendants who may be held jointly and severally liable, and "it is necessary that the relief against [them] be consistent, the appropriate course is to defer entering a default judgment on both liability and damages. Peralta v. Roros 940, Inc., 11-cv-6242 (NG), 2016 WL 1389597, at *1 (E.D.N.Y. Apr. 7, 2016); see U.S. Underwriters Ins. Co. v. Orion Plumbing & Heating Corp., 422 F.Supp.3d 649 (E.D.N.Y. 2017) (DeArcy Hall, J.) (adopting magistrate's recommendation that default motion against sole defaulting defendant be deferred in multi-defendant case seeking declaratory judgment). Here, plaintiff "demands judgment against the Defendants, jointly and severally . . . ." Compl., *ad damnum* clause. Moreover, based on the allegations in the complaint, the relationship between the corporate defendant and the individual defendants is unclear, as they each are alleged to "manage, and/or maintain, and/or ha[ve] control over, and/or designed, and/or built, and/or constructed, and/or altered, and/or marked, and/or placed signs on, and/or operate[], and at all relevant times operated, the parking lot adjacent to the restaurant . . . ." Compl. ¶¶ 9, 13, 23, 28, 34.

OTSC at 1-2.

Plaintiff does not proffer any contrary caselaw, nor does he cite any need for an expedited judgment against Hylan Bache. Indeed, his responsive submission confirms that his motion for default judgment is premature: he acknowledges that his goal is not to obtain a default judgment but rather to "achieve [ADA compliance] through settlement[,]" and that, if an attorney for Hylan Bache were to contact plaintiff's counsel "within the next six months[,]" he would withdraw the default motion and consent to a request by Hylan Bache for leave to file a belated answer. Pl. Response at 2. Moreover, plaintiff concedes that he is not even clear as to whether Hylan Bache has any responsibility for the condition of the challenged parking

3

lot or any remediations thereto: He states that Hylan Bache "is the operator of Dunkin' Donuts LLC, and the individual defendants are the owners of the commercial lot on which the restaurant and parking lot are located[, and that t]he complaint is not absolutely clear on the precise roles of the defendants in this lawsuit[.]" Id. at 1. Plaintiff adds that he "intend[s] to procure this information during appropriate stages of this litigation." Id.

Plaintiff therefore does not ask the Court to decide his motion for default judgment, but instead proposes that the motion be held in abeyance for 90 or more days. He fails to explain what purpose would be served by the alternative he proposes. He has already secured a notation of default against Hylan Bache, and he will not be penalized by a denial of the motion with leave to renew it after the individual defendants have been served and either they have defaulted or the claims against them have been resolved. In the meantime, once the shelter-in-place requirements have been lifted, Hylan Bache may well enter an appearance in this action. Holding the motion in abeyance would do nothing other than clutter the District Court's calendar with a premature motion.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that plaintiff's motion for default judgment against Hylan Bache be denied without prejudice. Any objections to the recommendations contained herein must be filed with Judge DeArcy Hall on or before June 10, 2020. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Counsel for plaintiff shall promptly mail copies of this Report and Recommendation to defendants and file proof of service.

**SO ORDERED.**

**Dated:**     **Brooklyn, New York**
             **May 27, 2020**

/s/     *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**