UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
**SEMYON GRINBLAT,** *individually and on behalf of all others similarly situated,*

                              **Plaintiff,**

    -against-

**HYLAN BACHE LLC, et al.,**

                              **Defendants.**
----------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

20-CV-1641 (LDH)

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

In this action commenced on April 1, 2020, plaintiff Semyon Grinblat ("Grinblat"), on behalf of himself and similarly situated persons confined to wheelchairs by reason of various disabilities, complains that the Staten Island Dunkin Donuts franchised business owned, leased, operated and/or managed by defendants maintained architectural barriers to access, in violation of federal, state and municipal law. See generally Complaint (Apr. 1, 2020), Electronic Case Filing Docket Entry ("DE") #1. Plaintiff seeks injunctive and declaratory relief pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12188, as well as remedies under similar provisions of state and local law.

Nearly one year after the lawsuit was filed, and in response to this Court's Order to Show Cause why the case should not be dismissed for lack of prosecution, see Order To Show Cause (Mar. 1, 2021) ("3/1/21 Order To Show Cause"), DE #30, Grinblat's counsel informed the Court that Grinblat had passed away on February 13, 2021, see Suggestion of Death Upon the Record (Mar. 4, 2021), DE #31, and sought a 90-day stay of the case pursuant to Rule

25(a) of the Federal Rules of Civil Procedure (the "FRCP"), to allow a representative of the decedent to be appointed and substituted as plaintiff in this case, see Response to Order to Show Cause (Mar. 5, 2021), DE #32. After initially granting the request for a stay, see Order (Mar. 8, 2021), this Court *sua sponte* reconsidered its ruling and, in light of several decisions dismissing as moot other lawsuits brought by Grinblat in this District, ordered plaintiff's counsel to show cause why party substitution should be permitted, see Order (Apr. 19, 2021) (citing Grinblat v. Nulife of Brooklyn, LLC, 20-CV-5854 (PKC) (PK), 2021 WL 1193147 (E.D.N.Y Mar. 30, 2021), and Grinblat v. Michell Wolf LLC, 20-cv-5857 (BMC), --- F.R.D. ---, 2021 WL 878554 (E.D.N.Y. Mar. 9, 2021)). Although the response to the Court's April 19th Order was due by April 26, 2021, no response has been forthcoming; instead, on May 6, 2021, Adam Ford, Esq., one of the two attorneys representing plaintiff,[1] moved to withdraw and to dismiss Grinblat's claims without prejudice, explaining that plaintiff's family would not be seeking the appointment of an executor, see Motion to Dismiss Without Prejudice (May 6, 2021), DE #34.

In light of the foregoing circumstances, and for the reasons referenced below, this Court recommends that the District Court dismiss Grinblat's claims.

## DISCUSSION

As an initial matter, and consistent with another recent opinion in a case in which Grinblat's counsel ignored the Court's Order To Show Cause, prompting the District Court to dismiss the claims for failure to prosecute, see Grinblat v. Speedway LLC, 20-CV-1643

---

[1] The non-moving counsel is Michael Grinblat, who, on information and belief, is plaintiff's son.

(KAM) (CLP), 2021 WL 1146076, at *1-2 (E.D.N.Y. Mar. 25, 2021), dismissal under Rule 41(b) of the FRCP is entirely warranted here: Grinblat's counsel's failure to respond to this Court's Order dated April 19, 2021, constitutes but the latest in a series of derelictions in this case. Indeed, on March 1, 2021, before learning of Grinblat's passing, this Court issued an Order to Show Cause that expressly warned, "[g]iven the history of this case," that plaintiff's failure to comply with that directive, "and/or to establish good cause for the continued delays in his prosecution of this case, will result in a recommendation that the case be dismissed with prejudice." 3/1/21 Order To Show Cause. Given that warning, and the lack of a response to this Court's March 1st Order To Show Cause, the District Court would be amply justified in dismissing the action with prejudice under Rule 41.

In any event, for the reasons outlined in Michell Wolf, Nulife, and Speedway, plaintiff's ADA claim should be dismissed as moot, "because the only relief available [under the ADA] is injunctive relief, and injunctive relief cannot benefit a deceased plaintiff." Michell Wolf, 2021 WL 878554, at *1 (collecting cases); accord Speedway, 2021 WL 1146076, at *1; Nulife, 2021 WL 1193147, at *1; see Grinblat v. H & 6 Assoc. Inc., 19-cv-2034-LDH-SMG (E.D.N.Y. Apr. 21, 2021), DE #32 (Memorandum & Order at 1-2) (DeArcy Hall, J.); Grinblat v. First Class Furniture & Rugs Inc., 20-cv-6048-FB-SJB (E.D.N.Y. Apr. 23, 2021), DE #11 (Report & Recommendation at 2-3). By its terms, substitution under Rule 25 is an option only where (unlike here) "the claim is not extinguished" by the plaintiff's death. Fed. R. Civ. P. 25(a)(1). Because Grinblat's sole federal claim has been extinguished by his passing, federal subject matter jurisdiction is now lacking. See First Class Furniture,

3

20-cv-6048-FB-SJB, Report & Recommendation at 3. Assuming the District Court declines to dismiss the case under Rule 41(b), this Court recommends that Grinblat's ADA claim be dismissed as moot, and that the District Court decline to exercise supplemental jurisdiction over Grinblat's state and municipal claims. See, e.g., Nulife, 2021 WL 1193147, at *2; Speedway, 2021 WL 1146076, at *1; Michell Wolf, 2021 WL 878554, at *2.

As for Mr. Ford's motion to withdraw from the case and to dismiss the claims without prejudice, that motion should be denied for the reasons articulated by the Court in denying a similar application in the First Class Furniture case: the motion to withdraw is procedurally defective, and counsel's authority to act on behalf of his client terminated with Grinblat's death. See First Class Furniture, 20-cv-60489-FB-SJB, Order (E.D.N.Y. May 7, 2021); see also H & 6 Assoc. Inc., 19-cv-2034-LDH-SMG, Memorandum & Order.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends either that all claims be dismissed with prejudice for lack of prosecution, or that the ADA claim be dismissed as moot and that the remaining claims be dismissed without prejudice. In addition, plaintiff's counsel's motion (DE #34) should be denied.

Any objections to this Report and Recommendation must be filed with the Honorable LaShann DeArcy Hall on or before May 24, 2021. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**May 10, 2021**

/s/      *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**